# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ATROPIN PALMER,
    Plaintiff,

    vs

OFFICER BURKE, et al.,
    Defendants.

Case No. 1:12-cv-912

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants Warden Oppy, Officer Burke, Nurse Wamsley and Officer Barney. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal

basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. § 1983. Plaintiff's complaint alleges that on July 20, 2012, Officer Burke opened plaintiff's cell door from the control booth, pinching plaintiff's elbow between the door and doorway and resulting in extreme pain, bruising and swelling. (Doc. 1, Complaint p. 5). Plaintiff claims that

2

"Officer Burke acted reckless[ly] and intentionally inflicted emotional and mental pain to purposefully cause such action." *Id.* He further alleges that defendant Burke knowingly violated SOCF policy in opening the door without first receiving another officer's request to open the door. *Id.*

Plaintiff alleges that he informed defendant Barney of his injuries and asked to see a nurse. Despite repeatedly requesting that Barney allow him to see the nurse, plaintiff claims it took nine hours before he was taken to the infirmary. Ultimately plaintiff was examined by defendant nurse Wamsley, who "completed a MER" and ordered that plaintiff receive an ice pack and Tylenol. *Id.* Plaintiff claims he never received the ice pack. *Id.*

For relief, plaintiff seeks $150,000 in damages. *Id.* at 6.

Plaintiff's complaint, liberally construed, alleges sufficient facts to state a claim for relief against defendant Burke for an excessive use of force. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Plaintiff's Eighth Amendment claim against defendant Burke is deserving of further development and may proceed. Plaintiff's deliberate indifference to his serious medical needs claim may also proceed at this juncture against defendant Barney. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

First, plaintiff has made no allegation whatsoever that defendant Warden Oppy was involved in the incident, nor can the Court reasonably infer that he otherwise violated plaintiff's constitutional rights. To the extent the complaint names Oppy as a defendant because of his supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436

3

U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Oppy is the Warden of Operations is not enough to impose liability on him under section 1983. Therefore, plaintiff's section 1983 claims against defendant Oppy should be dismissed.

Plaintiff has also failed to state an actionable claim against defendant Nurse Wamsley. In order to state a claim under 42 U.S.C. § 1983 concerning a denial of adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). An Eighth Amendment violation occurs when "the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care" for a serious medical need. *Id.* at 104-05; *see also Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 895 (6th Cir. 2004).

In this case, plaintiff has failed to state an Eighth amendment claim against defendant Wamsley. Plaintiff's claim is apparently premised on the fact that he was not taken to the infirmary for nine hours, despite informing Officer Barney of the extreme pain and swelling in his elbow. However, the complaint does not allege that Wamsley was involved in the delay and in fact indicates that Wamsley provided him with treatment. Therefore, plaintiff fails to allege sufficient facts to demonstrate any deliberate indifference on the part of Wamsley. To the extent that plaintiff contends that he received inadequate treatment or that defendant Wamsley was negligent in providing treatment, these claim should also be dismissed. "Where a prisoner has

4

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976); *see also Thomas v. Rochell,* 47 F. App'x 315, 317 (6th Cir. 2002) (holding that a "prisoner has no remedy under § 1983 to pursue tort" and medical malpractice claims against prison doctors). Furthermore, it is well-settled that allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Westlake*, 537 F.2d at 860 n.5. Therefore, plaintiff's Eighth Amendment claims against Nurse Wamsley should be dismissed.

Accordingly, in sum, plaintiff's claims against defendants Oppy and Wamsley should be dismissed because petitioner has failed to state a claim upon which relief may be granted with regard to these defendants. Having found that plaintiff has alleged sufficient facts to state Eighth Amendment claims against defendant Burke for the excessive use of force and against defendant Barney for the deliberate indifference to his serious medical needs, these claims are deserving of further development and may proceed. However, plaintiff has failed to provide a copy of the complaint, a summons form and a United States Marshal form for each defendant named in the complaint.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Oppy and Wamsley be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

5

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this order, plaintiff is ordered to submit a service copy, summons form and a completed United States Marshal form for each defendant so that service of process may be made in this case.   The Clerk of Court is **DIRECTED** to send to plaintiff summons and United States Marshal forms for this purpose.   Upon receipt of the completed summons and United States Marshal forms, the Court shall order service of process by the United States Marshal in this case.

2.   Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel.   Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

3.   Plaintiff shall inform the Court promptly of any changes in plaintiff's address which may occur during the pendency of this lawsuit.

Date: 12/13/12

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ATROPIN PALMER,  
    Plaintiff,

    vs

OFFICER BURKE, et al.,  
    Defendants.

Case No. 1:12-cv-912

Barrett, J.  
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).