UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ATROPIN PALMER,

    Plaintiff,

v.

OFFICER BURKE, *et al.*,

    Defendants.

Case No.: 1:12-cv-912

Barrett, J.

Litkovitz, M.J.

**OPINION AND ORDER**

This matter is before the Court on April 14, 2014 Report and Recommendation of the Magistrate Judge. (Doc. 38). In the Report, the Magistrate Judge recommends denying *pro se* Plaintiff's motion to amend his complaint (Doc. 29), granting Defendants' motion for summary judgment (Doc. 22), certifying under 28 U.S.C. § 1915(a)(3) that an appeal of the order would not be taken in good faith, and dismissing the case from the docket of the Court. After being granted extensions of time, Plaintiff timely filed objections to the Report. (Doc. 50). This matter is now ripe for review.

**I.    BRIEF SUMMARY OF BACKGROUND[1]**

This case centers around the allegations of *pro se* Plaintiff, who at the relevant time was an SOCF inmate,[2] that his elbow was "pinched" in between his cell door and the doorway on July 20, 2012 at approximately 9:20 a.m. when SOCF Correctional Officer Burke[3] opened

---

[1] The summary is intended only to give context to the below analysis. A more thorough recitation of the facts and background can be found in the Report. (Doc. 38).

[2] Per notice from Plaintiff, he recently was released from the Department of Corrections on August 26, 2014.

[3] The Court recognizes that Officer Burke's proper surname is "Burk." However, the docket, the parties' pleadings, and the parties' briefings refer utilize the misspelled surname "Burke." Although recognizing the misspelling, the Magistrate Judge continued to use the name Officer "Burke" for the sake of clarity. The undersigned will do so as well.

1

Plaintiff's cell door while Plaintiff was resting his arm in the bars. Plaintiff also alleges that he informed SOCF Correctional Officer Barney of his injury and requested medical attention, but was made to wait nine hours before receiving medical attention. He alleges he suffered extreme pain and swelling to the elbow as a result of the incident and was treated with Tylenol. An ice pack was orderd but never received by him.

The Report addresses three separate issues that have been raised by Plaintiff. First, it addresses Plaintiff's motion for injunctive relief. (Doc. 38, PageID 185). In that motion, Plaintiff sought a court Order requiring SOCF to grant him more than four hours a week in the law library for research and to respond to Defendants' motion for summary judgment. In light of the fact that Plaintiff had been granted prior extensions and had filed his opposition to Defendants' motion for summary judgment, the Magistrate Judge denied the motion as moot.

Second, the Report addresses Plaintiff's motion to amend, in which seeks to substitute Officer Dailey for Officer Burke because he concedes that Officer Burke was improperly named as a defendant. (Doc. 50, PageID 186-89). Recognizing that Plaintiff's request to amend came late in the proceedings after summary judgment had been briefed, that it was Plaintiff's duty to prosecute the lawsuit, and that Plaintiff did not refute Defendants' assertion that he did no discovery during the six and one-half month discovery period or provide any reason for not doing so, the Magistrate Judge concluded that Plaintiff's delay was unjustified and would unfairly prejudice Defendants who filed a summary judgment and support their argument with evidence. The Magistrate Judge pointed out that allowing an amendment would require the court to re-open discovery and further exend the dispositive motion deadline without any jutification for doing so. Accordingly, the Magistrate Judge recommended denying Plaintiff's motion to amend.

Third, the Report addresses Defendants' motion for summary judgment on Plaintiff's excessive use of force claim against Officer Burke and on Plaintiff's claim for deliberate indifference to serious medical needs. (Doc. 50, PageID 189-97). The Report recommends granting summary judgment on the excessive force claim because Plaintiff conceded in his December 12, 2013 response to Defendants' motion for summary judgment that summary judgment is appropriate as to Officer Burke given that the undisputed evidence submitted by Defendants demonstrates that Officer Burke was not on duty at SOCF at the time Plaintiff was injured. The Report also recommends granting summary judgment to Defendants on the deliberate indifference to medical needs claim. The Magistrate Judge pointed out that Plaintiff's only evidence in support of his deliberate indifference claim was his affidavit submitted in conjunction with the Complaint, which indicates simply that he did not receive medical treatment for nine hours after his injury and that the nurse who treated him declared there was swelling in his elbow. The Magistrate Judge recognized that Plaintiff submitted no verifying medical evidence to establish the detrimental effect of the delay in medical treatment, as he is required to do to maintain his claim. The only medical evidence submitted was by Defendants, which revealed no detrimental effect resulting from the nine hours Plaintiff waited for medical treatment and that his injury was minor. As such, the Magistrate Judge concluded that Plaintiff could not meet the objective component of his deliberate indifference claim. In addition, the Magistrate Judge concluded that Plaintiff could not meet the subjective component of his deliberate indifference claim because Plaintiff presented no evidence that established Officer Barney was aware that Plaintiff's elbow injury posed a serious risk to his health (or that the injury itself was a serious health risk) or that Officer Barney disregarded any such risk.

## II.     STANDARD OF REVIEW FOR OBJECTIONS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a party appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. ANALYSIS

Plaintiff objects to the Magistrate Judge's recommendations as to the motion to amend and the motion for summary judgment. Those objections are addressed below.

#### A. Plaintiff's Motion to Amend

Plaintiff indicates in his objections that the Magistrate Judge granted him leave to amend his Complaint. (Doc. 50, PageID 222). That is not the case. The Magistrate Judge plainly recommended denying Plaintiff's motion for leave to amend the Complaint to substitute Officer Dailey for Officer Burke. (Doc. 38, PageID 189, 197). As such, the undersigned will continue to address Plaintiff's other objections in light of that recommendation.

Plaintiff makes three objections to the Magistrate Judge's recommendation that the motion for leave to amend the Complaint be denied. First, Plaintiff contends that leave to amend should be granted because Defendants attempted to hide the identity of Officer Dailey by not disclosing his identity during the administrative grievance process and that it was Defendants' burden to identify the correctional officer to provide Plaintiff with knowledge of who he should

4

sue.  This same argument was squarely addressed, and correctly rejected, in the Report.  (Doc. 38, PageID 188).  As the Magistrate Judge correctly recognized, it was Plaintiff's burden in this lawsuit to prove his claims against Defendants.  Even if Defendants did not disclose the individuals involved during the administrative process, Plaintiff had the opportunity in this litigation to propound discovery requests on Defendants to clarify the identity of the correctional officers involved.  As the Magistrate Judge also correctly recognized, if Plaintiff had served even the most basic and generic discovery requests on Defendants during the six and one-half month discovery period, he would likely have learned the identity of the proper defendant and could have sought to amend the complaint before the dispositive motion deadline.  Plaintiff has not presented any information that would allow the undersigned to conclude that he made any such discovery requests to Defendants in this lawsuit or otherwise requested Defendants to identify the correctional officers involved.  *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (recognizing that plaintiff has an "increased burden to show justification for failing to move earlier" when he seeks to amend at a late stage of the litigation).

Second and relatedly, Plaintiff contends that he did not unduly delay in seeking to amend his Complaint because as soon as he learned that Officer Dailey was on duty at the time of the incident, he requested leave to amend the Complaint.  While it is true that Plaintiff sought to amend the Complaint shortly after Defendants attached information about the shift assignments to their motion for summary judgment, Plaintiff could have learned of Officer Dailey's shift assignments much earlier in this litigation through reasonable efforts, as explained above.  Again, Plaintiff also has failed to explain why no attempts at discovery were made during the discovery period.  As such, the undersigned agrees with the Magistrate Judge that the delay and lack of diligence weigh against allowing amendment of the Complaint.

5

Third, Plaintiff argues that Defendants will not be prejudiced by the delay in the amendment of his Complaint because its defense will not be much different from the defense to the original complaint against Officer Burke. Plaintiff's argument, however, ignores that the discovery deadline in this case has passed, Defendants have prepared a dispositive motion and a reply in support on the issues raised by Plaintiff, and re-opening discovery delays resolution of the pending matter and subjects Defendants to additional discovery demands, even though the information relied upon by Plaintiff for seeking to amend his Complaint has been available for discovery but was never requested by Plaintiff when he had the opportunity to do so.[4] Moreover, Plaintiff still has provided no justification for his failure to conduct any discovery. The undersigned therefore agrees with the Magistrate Judge that allowing Plaintiff to amend the Complaint at this late stage of the litigation will prejudice Defendants.

In light of the foregoing and for the reasons set forth in the Report, the undersigned adopts the recommendation to deny Plaintiff's motion to amend.

### B. Defendants' Motion for Summary Judgment

Plaintiff disagrees with the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted on his claims for 1) excessive force, and 2) deliberate indifference. The objections to those claims are addressed separately below.

#### 1. Excessive Force

Plaintiff's Complaint alleges an excessive force claim against Officer Burke only. Although Plaintiff has sought to amend the Complaint to substitute Officer Dailey for Officer Burke, the undersigned has denied such leave to amend *supra* in accordance with the recommendation set forth in the Report. As such, Plaintiff's excessive force claim rises and falls

---

[4] Notably, Plaintiff states that there is evidence that will prove his excessive force claim, including a videotape. (Doc. 50, PageID 224). Yet, there is no indication that Plaintiff ever obtained that evidence or has ever requested such evidence from Defendants during the six and one-half months of discovery in this matter.

on whether Officer Burke engaged in the alleged conduct. Given the evidence that shows Officer Burke was not on duty at the time of the elbow injury, that Plaintiff has conceded that the excessive force claim against Officer Burke is implausible, and that Plaintiff has raised no objection to dismissal of the claim against Officer Burke, that claim is appropriate for dismissal. The undersigned therefore adopts the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants on the excessive force claim.

### 2. Deliberate Indifference

Plaintiff raises two broad objections to the Magistrate Judge's recommendation as to his claim for deliberate indifference. As neither objection changes the conclusion reached by the Magistrate Judge, the undersigned adopts the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendants on the claim for deliberate indifference to medical needs.

First, Plaintiff argues that the Magistrate Judge misapplied the summary judgment standard by improperly crediting the testimony of Defendants' witnesses instead of the testimony of Plaintiff. That argument, however, does not alter the correct conclusion of the Magistrate Judge. The majority of the Magistrate Judge's recommendation on this issue focuses on the fact that Plaintiff must produce medical documentation to support his claim for deliberate indifference in this matter, and the Magistrate Judge properly considered the medical documentation that had been produced which showed Plaintiff's injury was minor despite claims of severe pain with no detrimental effect resulting from any delay. (Doc. 38, PageID 194-95). Plaintiff has not produced any evidence to counter those medical records. While the Magistrate Judge also credited the declaration of Officer Barney on the subjective component of the deliberate indifference claim as to his lack of recollection of the incident or of Plaintiff being in extreme pain, Plaintiff's affidavit does not directly contradict Officer Barney's averments, as

7

Plaintiff avers only that he yelled out in "extreme pain" not that he ever informed Officer Barney. While Plaintiff has provided a document entitled "Appeal to the Chief Inspector" in which he wrote that he told Officer Barney about what happened, and asked to see the nurse because his arm and elbow were swollen and bruised and he was in extreme pain,[5] such evidence, when credited, still does not show that Officer Barney subjectively perceived that Plaintiff faced a substantial risk of harm. *See Santiago v. Ringle*, 734 F.3d 585, 591-93 (6th Cir. 2013); *Burgess v. Fischer*, 735 F.3d 462, 476-77 (6th Cir. 2013); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. Mich. 2004). As such, the Court cannot conclude that the Magistrate Judge erred in her conclusion because there still is no evidence in the record from which the Court can reasonably infer that there was a serious risk to Plaintiff's health or safety and it thus is implausible that Officer Barney disregarded any such risk.

Second and relatedly, Plaintiff contends that the Magistrate Judge ignored his contention that he suffered a nine-hour delay in treatment that resulted in swelling to his elbow, high blood pressure, and a high blood/oxygen level. The Magistrate Judge, however, considered all of that evidence. (Doc. 36, PageID 193-94). As she correctly concluded, that evidence fails to reveal a serious medical injury or the requisite detrimental effect resulting from any delay in treatment. Instead, the evidence shows that his elbow injury was minor and that he had an increased blood pressure and high/blood oxygen level that was not way out of range from which no effects were noted. Plaintiff does not dispute the multitude of evidence cited in the Report that shows no serious medical injury or the requisite detrimental effect on him or his injury because of the delay in receiving medical treatment. The Magistrate Judge thus correctly concluded that

---

[5] Plaintiff also contends that a DVD would substantiate his allegations that he informed Officer Barney of the issues and his extreme pain. Yet, Plaintiff has had the opportunity to conduct discovery but has not done so. He cannot rely on speculative evidence to oppose summary judgment. Thus, the speculative assumption that a DVD exists to substantiate his claims is not sufficient to oppose summary judgment.

Plaintiff had not established the objective component of his claim for deliberate indifference to medical needs.

Moreover, as previously explained, Plaintiff presented no evidence that indicates Officer Barney subjectively perceived an excessive risk to Plaintiff's health or safety arising from his elbow injury. Even assuming that Plaintiff's elevated blood pressure or high blood/oxygen level created a serious risk to Plaintiff's health or safety, there is no evidence that would show that Officer Barney had or should have had any knowledge of those risks. Without such knowledge, Officer Barney could not have consciously disregarded those risks. Plaintiff thus still has failed to satisfy the subjective component of his claim for deliberate indifference to medical needs.

### IV. CONCLUSION

Consistent with the foregoing, the Court **OVERRULES** Plaintiff's Objections (Doc. 50) and **ADOPTS** the Report (Doc. 38) in its entirety. It is hereby **ORDERED** that:

1. Plaintiff's motion to amend his complaint (Doc. 29) is **DENIED**.

2. Defendants' motion for summary judgment (Doc. 22) is **GRANTED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons and the reasons set forth in the Report an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Plaintiff is advised that he may seek leave to proceed as a pauper on appeal by filing a motion with the Sixth Circuit Court of Appeals in accordance with Fed. R. App. P. 24(a)(5). *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Plaintiff's motion must include a copy of the affidavit filed in the district court and this Court's statement as to the reasons for denying pauper status on appeal. *Id.*; Fed. R. App. P. 24(a)(5).

9

4. Given the above conclusions and that no claims remain pending in this matter, Plaintiff's Motion to Appoint Counsel (Doc. 49) is **DENIED AS MOOT**.

5. The case is **DISMISSED** from the docket of this Court.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT
